**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

JACOB T. DIETRICH,

    Plaintiff,

    v.                                                                   Case No. 11-CV-00352

WISCONSIN DEPARTMENT OF CORRECTIONS,
KATHRYN ANDERSON, MICHAEL BAENEN,
SUSAN CASPER, RUSS CORCORAN, CHRIS EPLETT,
CATHERINE FRANCOIS, TOM GOZINSKE,
GARY H HAMBLIN, DAVID HINES, MICHAEL JONES,
MICHAEL MOHR, THERESA MURPHY, ISMAEL OZANNE,
TIM PIERCE, SUSAN A SCHMEICHEL, JUDY P SMITH,
DEWAYNE STREET, JOHN DORUFF,
UNIVERSITY OF WISCONSIN-PLATTEVILLE,
UNIVERSITY OF WISCONSIN SYSTEM,
BOARD OF REGENTS OF THE UNIVERSITY OF
WISCONSIN SYSTEM, DEBRA BECKER, PATRICIA A BRADY,
KELLY CURTISS, STEVE KLEISATH, DR DUANE FORD,
DR CHRISTINE SCHEDULES, DR CHRISTINE STORLIE,
WILLIAM F TREZEVANT, DR DAVID P VAN BUREN,
JAMES P REILY, MILWAUKEE AREA TECHNICAL COLLEGE,
BARBARA GEDDES, CARL MORENCY, JUDY TOLKAN,
SCOTT WALKER, and OFFICE OF THE WISCONSIN ATTORNEY GENERAL,

    Defendants.

---

DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. 2), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. 6), DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN ADDENDUM (DOC. 7), DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (DOC. 8), DENYING PLAINTIFF'S MOTION FOR A RESTRAINING ORDER (DOC. 8), DENYING PLAINTIFF'S MOTION FOR A LIBERAL INTERPRETATION OF HIS ARGUMENTS (DOC. 12), DENYING PLAINTIFF'S MOTIONS TO ADD PARTIES (DOCS. 14, 16), DENYING PLAINTIFF'S MOTION TO COMPEL (DOC. 20), DENYING PLAINTIFF'S MOTION TO ENLARGE ANSWERS (DOC. 20), DENYING PLAINTIFF'S MOTION FOR AN ORDER TO REMOVE DEFENDANTS (DOC. 21), DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOC. 24), AND DENYING PLAINTIFF'S MOTION TO PARTIALLY AMEND COMPLAINT (DOC. 26).

Plaintiff, a prisoner proceeding pro se, has lodged a civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. The plaintiff has been assessed and paid an initial partial filing fee of $5.06. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners, such as plaintiff, seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v.*

*Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**FACTUAL BACKGROUND**

Plaintiff, Jacob T. Dietrich, is incarcerated at the Green Bay Correctional Institution. He alleges that he was enrolled in the Incarcerated Individuals College Program (IIP) "whereby certain inmates meeting eligibility criteria can participate in correspondence courses, and receive federal government grants." (Compl. at 8.) He was accepted into the program on July 17, 2009. According to the complaint, plaintiff meets and exceeds all qualifications for participation in the IIP.

To participate in the program, prisoners are required to earn thirteen or more credits and maintain a cumulative grade point average of at least 2.0. The plaintiff earned a D- in Algebra. However, he states that his grade point average was 3.81 at the end of 2009. This grade point average does not reflect the Algebra grade.

Plaintiff asserts that he requested various accommodations under the Americans with Disabilities Act (ADA), including a quiet testing room and additional time for testing, but his requests were denied or ignored. He also sought to transfer various credits: "Plaintiff challenged the credits which . . . [the University of Wisconsin-Platteville (UWP)] would accept, and made progress, this is where the animosity began with the UWP staff." (Compl. at 10.)

Plaintiff received a letter from defendant Susan Casper, an IIP administrator, stating that his continuing enrollment in the IIP for the 2010-2011 year was in question. The letter

4

cited the Algebra grade as well as the plaintiff's poor attitude, which "'cause[d] the site coordinator to dedicate too many resources to make special arrangements due to the student's actions.'" (*Id.* at 13; Exh. 14B.)

At some point during this time, plaintiff distributed religious flyers to University of Wisconsin - Platteville and correctional institution staff. Plaintiff appears to allege that university officials were "looking for a pretext to restrict plaintiff's college education" and used the religious flyers as a reason to do so. (*Id.* at 21-22.)

During the spring 2010 semester, defendant Casper and other defendants revoked plaintiff's privilege to take correspondence courses through the University of Wisconsin - Platteville. The plaintiff alleges that the decision was "simplistic" and "deprived plaintiff of meaningful post-deprivation review." (*Id.* at 24, 27.) Plaintiff again applied for IIP courses in spring 2011. He was again denied participation in the program. According to plaintiff, the main reason for his dismissal involved the special accommodations he requested, although "the special accommodations are being blamed on the plaintiff's poor attitude rather than on his disability." *(Id.* at 56.)

Plaintiff claims that: (1) he was removed from the IIP in retaliation for invoking protected rights under the ADA; (2) defendants violated the ADA by refusing to make reasonable accommodations for him, including giving him a quiet room in which to take exams; (3) defendants violated his First Amendment rights, including the right to petition the government for redress of grievances and right to freedom of speech; (4) defendants retaliated against him for exercising his freedom of speech when he distributed religious articles; (5) defendants violated his Fourteenth Amendment right of Equal Protection ("for plaintiff's disability and ADA invoking, but for my being indigent, and having a disability both

make education that much harder to access!"); (6) the defendants violated his due process rights by "treat[ing] plaintiff as if he has already been expelled" and failing to use the proper disciplinary procedures before expelling him; and (7) the defendants subjected him to cruel and unusual punishment. (*Id.* at 59-61.) The remainder of the claims he makes in the complaint overlap with those noted above. Plaintiff admits that the IIP program is discretionary but states that "this does not mean they have the authority to violate federal law and plaintiff's civil rights, to discriminate against, and retaliate against plaintiff for invoking rights under" the ADA. (*Id.* at 16.)

For relief, plaintiff asks to be immediately reinstated in the IIP. He also asks the court "to give all students in prison the same access to the grievence [sic] and credit transfer review system that students not in prison get." (*Id.* at 72.) Finally, he asks for injunctions ordering defendants to grant him access to the inmate grievance system and for the court to remove a "flag" from his file regarding "illegal IIP and correspondence restrictions." (*Id.* at 73.)

## ANALYSIS

**1. Retaliation**

A prisoner's retaliation claim is subject to a liberal notice pleading standard; the complaint need specify only the bare minimum facts necessary to notify the defendants and the court of the nature of the claims. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The "bare minimum" in a retaliation claim are the facts that would apprise the defendants of what plaintiff did to provoke the alleged retaliation and what defendants did in response. *See id.*; *Walker v. Thompson*, 288 F.3d 1005, 1012 (7th Cir. 2002) ("a plaintiff

6

alleging retaliation must reference, at a minimum, the suit or grievance spawning the retaliation and the acts constituting the retaliatory conduct"). Plaintiff must identify the retaliatory action, name defendants, and assert a constitutionally-protected activity that spurred the retaliation.

Here, plaintiff appears to allege that defendants retaliated against him for requesting accommodations under the ADA. However, requesting accommodations under the ADA is not a Constitutionally-protected activity. Instead, requesting such accommodations is protected by the ADA itself - a federal law that is separate from the Constitution. *See* 42 U.S.C. § 12132 (2000 ed.). Plaintiff also appears to claim that defendants retaliated against him for sending religious flyers to prison and university officials. This allegation may suffice to form the basis of a retaliation claim, but plaintiff must explain what actions defendants took in retaliation for this conduct. It is unclear from the complaint, which is 77 pages long and has 57 exhibits attached to it, whether plaintiff is alleging that his removal from the IIP was in retaliation for his exercise of free speech.

**2. ADA**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2000 ed.). A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies or practices, the removal of architectural, communication, or transportation barrier, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities

7

provided by a public entity." § 12131(2). The Supreme Court has held that the term "public entity" includes state prisons. *United States v. Georgia*, 546 U.S. 151, 153-54 (2006)(*citing Penn. Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998)).

The court cannot discern from the complaint whether plaintiff is claiming that he was terminated from the program by reason of his disability. He appears to allege that defendants retaliated against him because he requested accommodations under the ADA. As it is unclear which legal theory upon which plaintiff relies, the court will allow the plaintiff to amend his complaint in accordance with the standard under the ADA.

### 3. Due Process

To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself. *See Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). A liberty interest exists when prison officials restrain the freedom of inmates in a manner that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Here, plaintiff has not alleged that he had a liberty interest in remaining in the IIP program. Thus, he has not stated a claim for which relief may be granted. Again, plaintiff may amend his complaint if he so chooses.

### 4. Cruel and Unusual Punishment

To make out an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825,

834 (1994). An objectively, sufficiently serious injury is one that deprives the inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Only extreme deprivations will support an Eighth Amendment claim. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). Prison officials are deliberately indifferent to deprivations suffered by inmates if they have knowledge of the condition but refuse to take steps to correct it. *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997).

Here, plaintiff has not alleged that he was deprived of an objectively, sufficiently serious condition. Thus, he has failed to state a claim for which relief may be granted.

### 5. Personal Involvement

Section 1983 does not allow actions against persons merely because of their supervisory roles. *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010); *Palmer v. Marion County*, 327 F.3d 594 (7th Cir. 2003). Here, plaintiff lists numerous defendants, some of whom were not personally involved in the events described in the complaint. For instance, the plaintiff lists Governor Scott Walker as a defendant because "[a]s the Governor of the State of Wisconsin, he is responsible for the oversight of the heads of the departments under his authority." (Compl. at 7.) The Governor was involved only in a supervisory role and thus cannot be liable under § 1983. Similarly, he lists Carl Morency, the Dean in charge of administering the IIP program at MATC, as a defendant. Again, defendant Morency had no involvement other than a supervisory role. If the plaintiff chooses to amend his complaint, he should take note that only those individuals who were personally involved in the events are subject to suit.

### 6. Summary

Thus, if the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. The complaint should clearly and succinctly list his allegations and claims: to satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such amended complaint must be filed on or before **November 7, 2011 (30 DAYS).** Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Otherwise, the court will screen the original pleading.

Plaintiff is further advised that he should use the enclosed form to file his complaint. The enclosed form notes that a plaintiff should state **as briefly as possible** the facts of his or her case. If plaintiff files a lengthy complaint, the court may dismiss the case with prejudice and not allow plaintiff to amend again.

## ADDITIONAL MOTIONS

**1. Motion to Appoint Counsel (DOC. 6)**

The plaintiff has filed a motion to appoint counsel. He states that he is unable to afford counsel and that his imprisonment will limit his ability to litigate and receive a fair hearing. He additionally states that he requires an attorney because the trial will involve conflicting testimony.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that plaintiff's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

Here, plaintiff has contacted various legal groups for assistance, including Legal Action of Wisconsin and Kasieta Legal Group LLC of Madison, Wisconsin. However, at

11

this stage, plaintiff appears competent to try the case himself.  Before the case may move forward, plaintiff must submit an amended complaint.  After he submits the amended complaint, he may file another motion to appoint counsel, which the court will evaluate at that time.

**2.  Motion for Leave to File (DOC. 7)**

Plaintiff has also filed a motion for leave to file an addendum to the complaint. Because the court has ordered plaintiff to amend his original complaint, this motion is moot.  He may make the changes in the amended complaint.

**3.  Motion for Preliminary Injunction (DOC. 8)**

Next, plaintiff has filed a motion for a preliminary injunction.  He asks that the court issue the injunction to immediately reinstate him in the IIP.  He states that the harm he will suffer "if this order is not granted is great . . . [n]ot having his degree upon release greatly increases his chances at recidivism.:"  (Mot. at 1.)

A party seeking a preliminary injunction must demonstrate that he is reasonably likely to succeed on the merits, that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest.  *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006).  "If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis . . . which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the

nonmoving party or public interest will be harmed sufficiently that the injunction should be denied." *Id.*; *see Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004).

Here, the court cannot determine whether plaintiff is reasonably likely to succeed on the merits of the case, as plaintiff must first file an amended complaint. Plaintiff may file a second motion for a preliminary injunction after the amended complaint is submitted.

**4. Motion for Restraining Order (DOC. 8)**

In his motion for a preliminary injunction, plaintiff also requested a restraining order. He asks the court to restrain the DOC from transferring him in retaliation for his claims. Here, plaintiff has not shown that he is likely to be transferred. Moreover, the proper motion to file regarding a transfer would be a motion for injunctive relief.

**5. Motion for Liberal Interpretation of Arguments and Pleading (DOC. 12)**

Next, plaintiff has filed a motion for liberal interpretation of his arguments and pleading. This motion will be denied as moot, as the court is obliged to give the plaintiff's pro se allegations a liberal construction. *See Erickson*, 551 U.S. at 93 (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, plaintiff need not file a motion requesting that the court so construe the pleading.

**6. Motions to Add Parties (DOCS. 14, 16)**

Plaintiff has also filed several motions to add parties. These motions are moot, as plaintiff may add the parties in his amended complaint.

**7. Motion to Compel (DOC. 20)**

Next, plaintiff has filed a motion to compel defendants to answer interrogatories sent by plaintiff on May 31, 2011. According to the motion, defendants "refuse . . . to answer these interrogatories" because the court has not screened the case. (Mot. at 1.)

Rule 33(b)(2) of the Federal Rules of Civil Procedure states that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Here, because plaintiff mus file an amended complaint if he wishes to proceed, plaintiff's motion is premature. Defendants may wait until the amended complaint is filed and the court issues a scheduling order to respond to the interrogatories.

## 8. Motion to Expand Answers and Limit (DOC. 20)

Plaintiff also asks the court to expand the twenty-five-question limit on interrogatories to 150. Rule 33(a)(1) states that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than twenty-five written interrogatories."

However, at this stage of the proceedings, plaintiff's discovery motion is premature.

## 9. Motion for Order of Deletion of Certain Defendants in Their Individual Capacity (DOC. 21)

Plaintiff asks the court to remove several defendants from the suit, as these defendants have "stepped up [to] do a good thing." (Mot. at 1). However, this motion is moot, as plaintiff may omit these defendants in his amended complaint.

## 10. Motion to Compel Discovery (DOC. 24)

Next, plaintiff has filed a motion to compel discovery. This motion is premature and is hence denied.

## 11. Motion to Partially Amend Complaint (DOC. 26)

Finally, plaintiff has filed a motion to partially amend his complaint "without having to retype his 80 plus page complaint." (Mot. at 1.) He wishes to add defendants, legal theories, and exhibits to the original complaint.

The court denies this motion due to the length of the original complaint. Instead plaintiff may submit a new complaint for screening. The court reemphasizes that the amended complaint should contain a **brief** statement regarding the facts of his case and underlying legal theories. In addition, the amended complaint should not contain exhibits. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (DOC. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (DOC. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an addendum (DOC. 7) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for a preliminary injunction (DOC. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a restraining order (DOC. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a liberal interpretation of his arguments and pleading (DOC. 12) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motions to add parties (DOCS. 14, 16) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (DOC. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to enlarge answers and limit regarding interrogatories (DOC. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for an order to remove defendants (DOC. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery (DOC. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to partially amend complaint (DOC. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **November 11, 2011 (30 DAYS)**, plaintiff shall file an amended pleading curing the defects in the original complaint as described herein. Plaintiff shall use the enclosed complaint form.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $344.94 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the

account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Charles N. Clevert, Jr.
> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 11th day of October, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge