# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACOB T. DIETRICH,

       Plaintiff,

       v.                                         Case No. 11-cv-0352

WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,

       Defendants.

---

### ORDER DENYING PLAINTIFF'S MOTION BEGGING COURT TO ACCEPT 30 PAGE AMENDED § 1983 COMPLAINT (DOC. # 32) AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. # 34)

Now before the court are plaintiff's motion that his thirty page amended § 1983 complaint be accepted and his motion for a preliminary injunction.  Both will be denied.

The court has reviewed plaintiff's proposed amended complaint. While plaintiff has cut down the number of pages significantly, he still presents numerous seemingly unrelated claims against at least forty-six defendants.  Hence, there are multiple reason that this complaint cannot be accepted.

First, Civil Local Rule 9(b) provides:

> Prisoners appearing pro se who commence an action under 42 U.S.C. § 1983 for deprivations of federal rights by persons acting under color of state law must file the complaint with the Clerk of Court using the form available from the Court. The Clerk of Court will provide the forms and directions for their preparation without charge.

Civil L.R. 9(b) (E.D. Wis.).  Nevertheless, plaintiff has not used the required form.

Second, to state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he]

is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff's proposed amended complaint is long and confusing, and does not provide the proposed defendants with information sufficient to put them on notice of plaintiff's claims against them.

Third, based on the court's reading of the proposed amended complaint, it appears that plaintiff is attempting to bring unrelated claims in to a single case. However, as instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." In accordance with this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to other cases. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

The court finds that the proposed amended complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants, including the Wisconsin Department of Corrections, four separate Wisconsin counties, several educational institutions, and the University of Wisconsin system, in addition to claims against individuals employed by many of those entities. For the foregoing reasons, the plaintiff's motion is rejected, his thirty page proposed amended complaint may not be filed. However, plaintiff will be allowed one final chance to file an amended complaint that cures the deficiencies outlined in this decision and the October 11, 2011, decision (Docket # 27). Any future amended complaint must be filed on or before **Friday, January 6, 2012,** and he must be submitted on the form provided with this order with no more than ten additional pages. No extensions of time will be granted for filing a further amended complaint.

Because an amended complaint supersedes prior complaints, any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). Consequently an amended complaint filed as directed will become the operative complaint in this action, and will be screened it in accordance with 28 U.S.C. § 1915A. If plaintiff does not file an amended complaint, the original complaint will be dismissed for failure to state a claim.

Also, any unrelated claim not pursued in this case must be brought in a separate action. In a multi-claim, multi-defendant suit, each claim will be evaluated for the purpose of 28 U.S.C. § 1915(g). When any claim in a complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, the plaintiff will incur strikes. *See George*, 507 F.3d at 607.

3

Further, plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). The doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983, and § 1983 does not create collective or vicarious responsibility. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

The plaintiff also has filed a motion for preliminary injunction. He asserts that "all previous motions were dismissed out of hand and without addressing most of the requests contained therein." (Docket # 34). He asks the court to consider each item because injustice will result if his requests are denied.

Plaintiff seeks: (1) an order granting plaintiff a legal loan extension; (2) an order appointing counsel; (3) an order allowing plaintiff to pay his course copay charges out of his release account; (4) defendants' compliance with his discovery requests; and (5) an expansion of the interrogatory limit in this case to 150. However, because there is no operative complaint, on file at this time, plaintiff is not entitled to the requested relief. Moreover, a motion for preliminary injunction is not the appropriate vehicle to address these concerns. If plaintiff files an amended complaint and is allowed to proceed in this case, he may file new motions as warranted. Therefore,

IT IS ORDERED that plaintiff's motion to amend (Docket #32) is denied.

4

IT IS FURTHER ORDERED that plaintiff's motion for preliminary injunction (Docket #34) is denied.

IT IS FURTHER ORDERED that plaintiff shall file an amended complaint on or before **Friday, January 6, 2012**.  Failure to file an amended complaint by that date will result in dismissal of this action with prejudice.  No further extensions will be granted.

IT IS FURTHER ORDERED that the Clerk of Court shall provide plaintiff with another copy of the court's form § 1983 complaint for prisoners.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge

5